UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    CRIMINAL NO. 16-20492

v.                            HON. VICTORIA ROBERTS

D-3 KENNETH MIXON,

    Defendant.

_____/

**United States' Brief Relating to
the Defendant's Petition for Compassionate Release (R. 79)**

Defendant Kenneth Mixon has filed a Petition for Compassionate Release (R. 79). He began serving his current 60-month-and-one-day sentence for possessing a firearm in furtherance of a drug trafficking crime on July 13, 2017. His projected release date is less than one year away, on December 21, 2021, and his eligible date for home detention is less than six months away, on June 23, 2021. He has raised concerns regarding the health risks he faces as a result of his obesity and the COVID-19 pandemic in his pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

1

The government does not dispute that Mr. Mixon's health concerns qualify as an "extraordinary and compelling reason" for release. With the caveat that circumstances can always change, it should be noted that as of January 29, 2021, BOP's website indicates that Ashland FCI, where Mr. Mixon resides, currently has no positive cases of COVID among its prison population and three positive cases among its prison staff.

Having handled the sentencing of Mr. Mixon, as well as that of his codefendants, the Court is well-versed in the background and facts of this case, so the government will defer to the Court's judgment on how best to weigh the § 3553(a) factors in determining the appropriateness of release. The government will point out just a few matters for the Court's consideration. As the Court is aware, Mr. Mixon's crime of conviction was serious. Along with his two co-defendants, he attempted to distribute 100 grams of heroin to an undercover Detroit police officer. During the transaction, Mr. Mixon possessed cocaine, as well as a .45 caliber handgun, despite the fact that he was prohibited from possessing a firearm under any circumstance because of a previous felony conviction. In assessing Mr. Mixon's potential dangerousness if

released, the Court will also want to consider his record between the time of his crime in 2013, and when he first appeared in federal court in 2016. During those three years, Mr. Mixon did not show any signs of being a danger to the community; he had no new criminal contacts and maintained steady, gainful employment.

With these matters in mind, as well as the facts set forth in the presentence report, the parties' sentencing memoranda, and Mr. Mixon's medical and disciplinary record while in prison, the government defers to the Court to weigh the § 3553(a) factors in determining the appropriateness of release.

                                                Respectfully submitted,

                                                MATTHEW SCHNEIDER
                                                United States Attorney

                                                <u>s/ Mitra Jafary-Hariri</u>
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, MI  48226
                                                Phone:  (313) 226-9632
                                                E-Mail: mitra.jafary-hariri@usdoj.gov
                                                Bar No. P74460

Dated:  January 29, 2021

## Certificate of Service

I certify that on January 29 2021, I electronically filed this document with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to all counsel of record.

s/ Mitra Jafary-Hariri
Assistant U.S. Attorney
United States Attorney's Office
