UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 16-20492
                                                Honorable Victoria A. Roberts

KENNETH MIXON,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE [ECF Nos. 75, 79]

Upon motion of ☒ the Defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is: **GRANTED**.

Kenneth Mixon asks the Court to grant him a compassionate release based on the COVID-19 pandemic and his medical conditions, among other things. He proposes living with his wife and returning to his former employer J.G. Kearns.

The government does not oppose Mixon's motion. It agrees that Mixon's medical conditions constitute an extraordinary and compelling reason for release, and it "defer[s] to the Court's judgment on how to best weigh the § 3553(a) factors in determining the appropriateness of release" – while also pointing out that during the three years "between the time of his crime in 2013, and when he first appeared in federal court in 2016[,] . . . Mr. Mixon did not show any signs of being a danger to the community; he had no new criminal contacts and maintained steady, gainful employment."

The Court finds that Mixon's medical conditions constitute an extraordinary and compelling reason for release and that the § 3553(a) factors weigh in favor of Mixon's release. Mixon has served over 75% of his sentence; he is eligible for release to home detention in June 2021, and his expected release date is in December 2021. While incarcerated, Mixon has completed several educational courses – covering such issues such as drug abuse, parenting, and accounting. Finally, as the government pointed out, between the time of his crime in 2013, and when he first appeared in court in 2016, Mixon maintained employment and had no new criminal contacts.

The Court **GRANTS** Mixon's motion for compassionate release. See below for further details.

☒ **GRANTED**

☒ The defendant's previously imposed sentence of imprisonment of **60 months and one day** is reduced to **TIME SERVED**. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☒ **Time served**.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate

travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☒ **The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.**

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☒ **The defendant's previously imposed conditions of supervised release are unchanged.  For convenience, the Court lists those conditions below (if the recitation of the conditions below is different in any way from the conditions in the Judgment, the version in the Judgment governs and applies):**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Count 1: 3 years and Count 2: 3 years, concurrently.

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.

4

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.   ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

Defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the following pages.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer.

The defendant shall participate in a program to obtain a General Educational Development certificate (GED) during the term of incarceration.  If the defendant does not obtain a GED while incarcerated, the defendant shall work towards obtaining a GED during the term of supervised release. This condition shall be waived upon verification the defendant has received his GED.

The defendant shall be lawfully and gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis. "Full-time" is defined as 40 hours per week. In the event that the defendant has part-time employment, he/she shall devote the balance of such 40 hours per week to his/her efforts of seeking additional employment.

☐ The defendant's previously imposed conditions of supervised release are

modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court

DIRECTS the United States Attorney to file a response on or

before_____, along with all Bureau of Prisons records

(medical, institutional, administrative) relevant to this motion.

7

☐ **DENIED** after complete review of the motion on the merits.

☐ **FACTORS CONSIDERED** (Optional):

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 5, 2021